[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11271

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:16-cr-60347-JIC-1

_____

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Joseph Martinez appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  The district court did not abuse its discretion when it found that the 18 U.S.C. § 3553(a) factors weighed heavily against Martinez's release, that he was a danger to his community under United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, and that his medical conditions did not constitute extraordinary and compelling reasons warranting a sentence reduction.  Accordingly, we affirm.

## I.

Martinez is a federal prisoner serving a 151-month sentence for four counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a).  Martinez pleaded guilty to all five counts.  The plea agreement's factual proffer describing Martinez's conduct is summarized as follows.  Over the course of fifteen days, Martinez robbed four separate banks and attempted to rob a Publix Supermarket.  Martinez made threats of violence during the course of each robbery, including threats to shoot individuals present at the scene.  Martinez's threats turned to physical violence during his attempted robbery of a Publix cashier.  When the cashier did not comply with Martinez's demand to give him all of the money in the cash

register, Martinez threatened to "blow his head off" and brandished a black knife.  Martinez then stabbed the cashier in the upper chest and fled the supermarket without any currency.

A probation officer prepared a presentence investigation report (PSI) that listed Martinez's criminal record with convictions dating back to 1983.  The PSI also reflected that Martinez committed the instant offenses while he was under a sentence of imprisonment from which he was an escapee.

At the sentencing hearing, Martinez objected to the imposition of a career offender enhancement based on his prior convictions for strong-arm robbery and federal bank robbery.  The district court overruled Martinez's objections and sentenced Martinez to 151 months' imprisonment and three years' supervised release on each count, to run concurrently.  Martinez appealed the final judgment and his sentence, which we affirmed. *See United States v. Martinez*, 757 F. App'x 923 (11th Cir. 2018) (per curiam).

Subsequently, in November 2020, Martinez filed a pro se motion for compassionate release.  He argued that he had serious health conditions, including chronic asthma and obesity, that put him at increased risk of severe illness or death if he contracted COVID-19.  In support of his motion, Martinez argued that he had maintained a clear conduct record while he was incarcerated, had taken advantage of all rehabilitative benefits the prison offered, and would not be a danger to society because he had served approximately 45% of his sentence and his convictions were for unarmed bank robberies.

The district court denied Martinez's motion for compassionate release, noting that it was only allowed to grant such motions upon finding extraordinary and compelling reasons that were consistent with the applicable policy statements issued by the United States Sentencing Commission.  The district court acknowledged that, regarding the extraordinary and compelling reasons requirement, if a defendant suffered from a chronic medical condition that the Centers for Disease Control and Prevention (CDC) identified as increasing his risk of becoming seriously ill from COVID-19, then that condition may qualify as a serious physical or mental condition.  It stated that the CDC recognized obesity with a BMI of 30 or greater as a condition that increased the risk of severe illness from COVID-19, and the CDC recognized moderate to severe asthma as a condition that might increase the risk of severe illness from COVID-19.  The district court found that Martinez's BMI only slightly exceeded 30 and that his asthma appeared to be well-managed.  But even if both those conditions qualified as serious physical or mental conditions, the court concluded, Martinez's motion still failed because he did not establish that he was not a danger to the community and that the sentencing factors in § 3553(a) supported a reduction under § 1B1.13.

The court reasoned that it could not find Martinez did not pose a danger to the community given his violent conduct, namely, his stabbing of the Publix employee during an attempted robbery. Moreover, the court expressed concern about Martinez's criminal history and the fact that he committed the offenses he is currently

incarcerated for while he was an escapee from federal custody. The district court considered the § 3553(a) factors but found a sentence reduction would not promote the interests of justice in light of the nature and circumstances of Martinez's offenses and his history and characteristics.

Martinez presents two arguments on appeal. First, Martinez argues that our precedent in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *petition for cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021), was wrongly decided and created a constitutional problem resulting in the violation of the non-delegation doctrine. Additionally, Martinez argues that his obesity and asthma are extraordinary and compelling reasons that make him eligible for compassionate release in light of the COVID-19 pandemic, and the district court abused its discretion by focusing the majority of its analysis on his criminal history and the nature of his criminal charges.

## II.

As an initial matter, Martinez's first argument on appeal, that *Bryant* was wrongly decided, is foreclosed by prior panel precedent. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court."). As *Bryant* has not been overruled, the district court did not err in applying it to Martinez's case.

### III.

We review de novo a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *Bryant*, 996 F.3d at 1251. However, we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *Id.*

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). In 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of the compassionate release of federal prisoners. *See* First Step Act § 603. That section now provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds

> that—extraordinary and compelling reasons warrant
> such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The section 3553(a) factors include, but are not limited to, the nature and circumstances of the defendant's offense, his history and characteristics, respect for the rule of law, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). A district court abuses its discretion when it (1) disregards relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably. *Id.* Where a consideration of the § 3553(a) factors is mandatory, the weight given to each factor is at the district court's discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). However, the court need not explicitly discuss each factor it is required to consider. *Id.* at 1326.

Section 3582(c)(1)(A) also requires that any reduction be consistent with the Sentencing Commission's applicable policy statements. The policy statements applicable here are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines," in relevant part, that "[e]xtraordinary and compelling

reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). Extraordinary and compelling reasons will only warrant a reduction if the court has first determined that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2); *Id.*, comment. n.1.

The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). In *Byrant* we held that district courts do not have the discretion under subsection D's catch-all provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. 996 F.3d at 1263–65.

We recently held that because all three necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—must be satisfied, the absence of one condition forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1240 (11th Cir. 2021) (per curiam). To be sure, if the district court finds that one of the compassionate release conditions was not satisfied, it is not an abuse of discretion for the district court to skip assessment of another condition. *Id.* Additionally, nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order. *See id.* at 1237.

The district court did not abuse its discretion when it denied Martinez's motion for compassionate release.  The court found that the 18 U.S.C. § 3553(a) factors weighed heavily against Martinez's release, that he was a danger to his community under U.S.S.G. § 1B1.13, and that his medical conditions were not extraordinary and compelling reasons for his early release from prison. Any one of these findings, on its own, was sufficient for the district court to deny compassionate release.  *See id.* at 1240.

In order to reduce Martinez's sentence, the district court had to have found that Martinez "is not a danger to the safety of any other person or to the community" and that the sentencing factors set forth in § 3553(a) support a reduction.  *See* U.S.S.G. § 1B1.13. The district court properly exercised its discretion in finding that Martinez did not meet either of these two requirements.  In support of its finding, the court noted that Martinez threatened to shoot the Publix cashier and brandished a knife with which he stabbed the cashier before fleeing the store; has a concerning criminal history; and committed the series of robberies he is currently incarceration for while he was an escapee from federal custody. While the district court only specifically discussed one sentencing factor—"the nature and circumstances of the offense and the history and characteristics of the defendant" under § 3553(a)(1)—the court noted that the sentencing factors as a whole do not support a reduction.  The district court's decision as to how much weight to give the circumstances of Martinez's offense and his history and

characteristics was within its discretion, and the court was not obligated to discuss every factor.  *See Kuhlman*, 711 F.3d at 1326–27.

Because the district court acted within its discretion, we affirm the denial of Martinez's motion for compassionate release.

**AFFIRMED.**